James A. Michel
State Bar No. 184730
2912 Diamond St. #373
San Francisco CA 94131
415/ 239-4949
(Fax 239-0156)
attyjmichel@gmail.com

Attorney for Plaintiff
JOSE RAFAEL PLATAS

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO COURTHOUSE

| | |
|---|---|
| JOSE RAFAEL PLATAS, an individual, | Case No. |
| Plaintiff, | COMPLAINT FOR DAMAGES |
| v. | DEMAND FOR JURY TRIAL |
| SAN FRANCISCO FEDERAL CREDIT UNION, a Federal Credit Union; TK CREDIT RECOVERY, a California corporation; BRET ALLEN YAPLE, an individual, and DOES 1 through 10, inclusive, | (15 U.S. Code § 1692 *et seq.*; Cal. Civil Code § 1788 *et seq.*) |
| Defendants. | |

Plaintiff JOSE RAFAEL PLATAS, based on information and belief and investigation of counsel, except for those allegations which pertain to the named plaintiff or his attorneys (which are alleged on personal knowledge), hereby makes the following allegations:

### INTRODUCTION

1. This is an action for actual damages, statutory damages, civil penalties, punitive damages, attorney fees and costs brought by an individual consumer for Defendants' violations of the Fair Debt Collection Practices Act, 15 United States Code section 1692 *et seq.* (FDCPA) and the Rosenthal FDCPA, California Civil Code

section 1788 *et seq*. (RFDCPA), which prohibit debt collectors from engaging in abusive, deceptive and unfair practices.

2. The United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy. Congress wrote the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. (hereinafter "FDCPA"), to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

3. The California Legislature has determined that the banking and credit system and grantors of credit to consumers are dependent upon the collection of just and owing debts and that unfair or deceptive collection practices undermine the public confidence that is essential to the continued functioning of the banking and credit system and sound extensions of credit to consumers. The Legislature has further determined that there is a need to ensure that debt collectors exercise this responsibility with fairness, honesty and due regard for the debtor's rights and that debt collectors must be prohibited from engaging in unfair or deceptive acts or practices.

## JURISDICTION

4. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), 28 U.S.C. § 1337, and supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. § 1367. Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202.

5. This action arises out of Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. (FDCPA).

## VENUE

6. Venue in this judicial district is proper pursuant to 28 U.S.C. § 1391(b), in that a substantial part of the events or omissions giving rise to the claim occurred in this judicial district. Venue is also proper in this judicial district pursuant to 15 U.S.C. § 1692k(d), in that Defendants transact business in this judicial district and the violations of the FDCPA complained of occurred in this judicial district.

## INTRADISTRICT ASSIGNMENT

7. This lawsuit should be assigned to the San Francisco / Oakland Division of this District because a substantial part of the events or omissions which gave rise to this lawsuit occurred in San Francisco County.

## PARTIES

8. Plaintiff JOSE RAFAEL PLATAS ("Platas" or "Plaintiff") is a natural person residing in the City and County of San Francisco, California. Plaintiff is a "consumer" within the meaning of 15 U.S.C. § 1692a(3) and a "debtor" within the meaning of California Civil Code § 1788.2(h).

9. Defendant SAN FRANCISCO FEDERAL CREDIT UNION (SFFCU) is a Federal Credit Union engaged in the business of collecting debts in this State with its principal place of business located in San Francisco, California. SFFCU may be served by serving its President and CEO, Jonathan Oliver, whose business address is 770 Golden Gate Avenue, San Francisco, CA 94102. Plaintiff is informed and believes that SFFCU is actively engaged in collecting its own debts by means of its own employees and managers, including but not limited to William Cooper, in addition to seeking outside help from debt collectors such as defendants TKCR and YAPLE, described below. SFFCU is a "debt collector" within the meaning of California Civil Code section 1788.2, subdivision (c).

10. Defendant TK CREDIT RECOVERY (TKCR) is a California corporation engaged in the business of collecting debts in this State with its principal place of business located in California at 51 Main St., Isleton, CA 95641. TKCR may be

served by serving its Registered Agent, ERIC KAASA, whose business address is 51 Main St., Isleton, CA 95641. The principal business of TKCR is collection of consumer debts and filing and maintaining civil debt collection lawsuits and obtaining judgments in those cases by utilizing the U.S. Mail, telephone and internet. TKCR regularly collects, directly or indirectly, consumer debts it acquires in default (or has treated the debt as if it were in default at the time of acquisition) via U.S. Mail, telephone, internet, and civil debt collection lawsuits.  Plaintiff is informed and believes and thereon alleges that TKCR directs and manages litigation on behalf of entities such as SFFCU, by referring SFFCU's cases to attorneys such as YAPLE. As such, TKCR executes affidavits regarding account documents, verifies responses to discovery and provides testimony on behalf of the student loan trusts. Plaintiff is informed and believes, and thereon alleges, that TKCR provided information about plaintiff to YAPLE which was intended to, and was used, in an attempt to collect consumer debt. Specifically, Plaintiff is informed and believes and thereon alleges that TKCR provided residence address information to YAPLE concerning Plaintiff and that TKCR provided documents to YAPLE purporting to establish that Plaintiff had a viable claim against SFFCU, to ratify and support YAPLE's attempt to collect consumer debt from Plaintiff. Plaintiff is informed and believes that TKCR provided an affidavit signed by one of its employees to be filed in Superior Court for the purpose of obtaining a default judgment against Plaintiff. TKCR is a "debt collector" within the meaning of 15 U.S.C. § 1692a(6) and Cal. Civil Code § 1788.2(c).

11. Defendant BRET ALLEN YAPLE (YAPLE) is an individual currently residing in the State of California. YAPLE may be served by serving Bret Allen Yaple at 622 Jackson Street, Fairfield CA 94533. YAPLE is engaged in the business of collection of consumer debts and by filing and maintaining civil debt collection lawsuits and obtaining judgments in those cases by utilizing the U.S. Mail, telephone and internet. YAPLE regularly collects, directly or indirectly, consumer

debts alleged to be due to another via U.S. Mail, telephone, internet, and civil debt collection lawsuits. YAPLE is a "debt collector" within the meaning of 15 U.S.C. § 1692a(6) and Cal. Civil Code § 1788.2(c).

12. The true names and capacities, whether individual, corporate, associate or otherwise, of Defendants DOES 1 through 10, inclusive, and each of them, are unknown to Plaintiff at this time, and Plaintiff therefore sues said Defendants by such fictitious names. Plaintiff is informed, believes and thereon alleges, that at all relevant times alleged in this Complaint, Defendants DOES 1 through 10, inclusive, are natural persons, limited liability companies, corporations or business entities of unknown form that have or are doing business in the state of California. Plaintiff will seek leave of the Court to replace the fictitious names of these DOE Defendants with their true names when they are discovered by Plaintiff.

13. At all relevant times alleged in this Complaint, Defendants, and each of them, were regularly engaged in the business of collecting consumer debts throughout the state of California, including San Francisco County, by assisting the other debt collectors in filing and maintaining civil debt collection lawsuits and in obtaining default judgments in those cases by utilizing the U.S. Mail, telephone and internet.

14. Plaintiff is informed, believes and thereon alleges, that each and all of the aforementioned Defendants are responsible in some manner, either by act or omission, strict liability, fraud, deceit, fraudulent concealment, negligence, *respondeat superior*, breach of contract or otherwise, for the occurrences herein alleged, and that Plaintiff's injuries, as herein alleged, were proximately caused by the conduct of Defendants.

15. Plaintiff is informed, believes and thereon alleges, that at all relevant times alleged in this Complaint, each of the Defendants sued herein was the agent, servant, employer, joint venturer, partner, division, owner, subsidiary, alias, assignee and/or alter-ego of each of the remaining Defendants and was at all times

acting within the purpose and scope of such agency, servitude, joint venture, division, ownership, subsidiary, alias, alter-ego, partnership or employment and with the authority, consent, approval and ratification of each remaining Defendant.

## FACTUAL ALLEGATIONS

### The Underlying Alleged Debt

16. Prior to 2012, Plaintiff is alleged to have become an obligor on a financial obligation, namely a consumer credit contract ("the alleged debt"). The alleged debt was incurred primarily for personal, family or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C. sec. 1692a(5) and a "consumer debt" as that term is defined by California Civil Code sec. 1788.2(f).

17. Plaintiff is informed and believes, and thereon alleges, that sometime thereafter on a date unknown to Plaintiff, Defendants TKCR and YAPLE assumed control over the consumer debt and acted as if they had authority to collect the debt from Plaintiff on behalf of SFFCU.

### The *SFFCU v. Platas Canales* State Court Complaint

18. On or about December 13, 2016, Defendants filed a lawsuit in the Superior Court of San Francisco County, captioned *San Francisco Federal Credit Union v. Jose Platas Canales, et al.*, Case No. CGC-16-555869 ("the *SFFCU v. Platas Canales* complaint"), which sought to collect $6274.67 plus interest, attorney fees and costs.

19. In its state court complaint, the *SFFCU v. Platas Canales* complaint states that SFFCU's cause of action against Plaintiff accrued in March 2013.

20. Plaintiff is informed and believes and thereon alleges that the actual date of breach relevant to plaintiff was prior to November 24, 2012, because by November 24, 2012, plaintiff was at least two payments behind. A late charge issued on December 3, 2012. Therefore SFFCU's cause of action against Plaintiff accrued during November 2012 or earlier.

21. The *SFFCU v. Platas Canales* complaint was filed with the court on December 13, 2016, more than four years after November 24, 2012.

22. Plaintiff did not know about the *SFFCU v. Platas Canales* complaint until on or about January 12, 2017 when he read a text message or email message from one of his roommates stating that a copy of papers regarding a lawsuit had been left at Plaintiff's residence on or about January 11, 2017.

23. Plaintiff is informed and believes, and thereon alleges, that the *SFFCU v. Platas Canales* complaint misrepresented the character, amount and legal status of the alleged debt.

24. Among other things, plaintiff is informed and believes and thereon alleges that the alleged debt was time-barred on December 13, 2016.

25. The California period of limitations to recover a defaulted consumer debt of this kind is four years from the date of breach.

26. SFFCU's claims against Plaintiff accrued more than four years prior to the filing of the *SFFCU v. Platas Canales* complaint. As a result, the *SFFCU v. Platas Canales* complaint was time-barred.

27. In his answer (as amended) to the *SFFCU v. Platas Canales* complaint, plaintiff asserted the affirmative defenses that [p]laintiff [SFFCU]'s causes of action were barred by the statute of limitations in California Code of Civil Procedure section 337(1).

28. By filing and maintaining the *SFFCU v. Platas Canales* complaint, Defendants attempted to collect a time-barred debt from Plaintiff, an action that cannot lawfully be taken. A debt collector violates the FDCPA by using the courts to attempt to collect a time-barred debt.[1]

---

[1]  *McCollough v. Johnson, Rodenburg & Lauinger,* 587 F. Supp.2d 1170, 1176 (D. Mont. 2008) (affirmed by *McCollough v. Johnson, Rodenburg & Lauinger* 637 F. 3d 939 (9th Cir. 2011)

29. The FDCPA prohibits a debt collector from making what purports to be, but actually is not, a statement of an attorney, to make it appear, for example, that an attorney is meaningfully involved in the preparation of a pleading or other paper in connection with a lawsuit, when the attorney is not meaningfully involved.[2]

30. Plaintiff's causes of action did not accrue until he learned about the *SFFCU v. Platas Canales* state court complaint.[3]

31. Defendants' multiple acts of misconduct during the litigation, including filing and maintaining the *SFFCU v. Platas Canales* state court lawsuit in an attempt to collect a time-barred debt, and , are false, deceptive or misleading representations, and unfair or unconscionable means in connection with the collection of debt,[4] all of which amount to a continuing course of unlawful conduct which extended over a period of time.[5]

32. Plaintiff is informed and believes and thereon alleges that defendants' acts in filing the *SFFCU v. Platas Canales* state court lawsuit against plaintiff were reckless, fraudulent, oppressive and malicious. Notwithstanding, defendants filed and served the *SFFCU v. Platas Canales* state court complaint in the hopes that plaintiff would either default or agree to a payment plan.

---

[2] *Bock v. Pressler & Pressler,* 30 F.Supp. 2d 283, 297 (D. N.J. 2014)

[3] *Lyons v. Michael & Assocs.*,824 F.3d 1169 (9th Cir.); *Engstrom v. Kallins* (1996) 49 Cal.App.4th 773, 783.

[4] 15 U.S.C. § 1692e, *McCollough v. Johnson, Rodenburg & Lauinger* (9th Cir. 2011) 637 F. 3d 939, 950-951, quoting *Heintz v. Jenkins* (1995) 514 U.S. 291, 294).

[5] *Komarova v. National Credit Acceptance, Inc.* (2009) 175 Cal. App. 4th 324, 344.

33. As a result of Defendants' abusive debt collection practices, Plaintiff has incurred actual damages including costs and attorney fees in an amount to be determined by the Court.[6]

34. Plaintiffs are informed and believe, and thereon allege, that Defendants have filed and served standard form complaints in the form of Exhibit 1 on more than 40 persons in the State of California in the one year preceding the filing of this Complaint. Therefore, Plaintiff may seek leave to amend this Complaint to add class allegations at a later date.

## CLAIMS

## FAIR DEBT COLLECTION PRACTICES ACT

35. Plaintiff brings the first claim for relief against Defendants YAPLE and TKCR under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*.

36. Plaintiff incorporates all paragraphs in this Complaint as though fully set forth herein.

37. Plaintiff is a "consumer" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(3).

38. Defendant TKCR is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(6).

39. Defendant YAPLE is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(6).

40. The financial obligation sought to be collected from Plaintiff in the state court action is a debt as that term is defined by the FDCPA, 15 U.S.C. § 1692a(5).

41. Defendants violated the FDCPA, 15 U.S.C. §§ 1692d, 1692e, 1692e(2), 1692e(10) and 1692f by making false and misleading representations, and engaging

---

[6] *Owens v. Howe* (N.D. Ind. 2005) 365 F. Supp. 2d 942, 948 (the attorney fees and costs incurred defending a state court action are awardable as actual damages under 15 U.S.C. § 1692k(a)(1); (*See Lowe v. Elite Recovery Solutions, L.P.* (E.D. Cal. Feb. 4, 2008) 2008 WL 324777.)

in unfair and abusive practices. Defendants' violations include, but are not limited to:

    a. using the courts in an attempt to collect a time-barred debt in violation of 15 U.S.C. §§ 1692e and 1692f;

    b. misrepresenting the character, amount or legal status of the alleged debt, in violation of 15 U.S.C. § 1692e(2)(A);

    c. making and using false, deceptive, and misleading representations in an attempt to collect the alleged debt, in violation of 15 U.S.C. §§ 1692e and 1692e(10);

42. Defendants' acts as described above were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

43. As a result of Defendants' violations of the FDCPA, Plaintiff is entitled to an award of actual damages, statutory damages, costs and reasonable attorneys fees, pursuant to 15 U.S.C. § 1692k.

<u>ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT</u>

44. Plaintiff brings the second claim for relief against Defendants SFFCU, YAPLE and TKCR under the Rosenthal Fair Debt Collection Practices Act ("RFDCPA"), California Civil Code §§ 1788-1788.33.

45. Plaintiff incorporates all paragraphs in this Complaint as though fully set forth herein.

46. Plaintiff is a "debtor" as that term is defined by the RFDCPA, Cal. Civil Code § 1788.2(h).

47. Defendant SFFCU is a "debt collector" as that term is defined by the RFDCPA, Cal. Civil Code § 1788.2(c).

48. Defendant YAPLE is a "debt collector" as that term is defined by the RFDCPA, Cal. Civil Code § 1788.2(c).

49. Defendant TKCR is a "debt collector" as that term is defined by the RFDCPA, Cal. Civil Code § 1788.2(c).

50. The financial obligation sought to be collected from Plaintiff in the state court action is a "consumer debt" as that term is defined by the RFDCPA, Cal. Civil Code § 1788.2(f).

51. Defendants SFFCU, YAPLE and TKCR violated the RFDCPA, California Civil Code §§ 1788.13(e) and 1788.17 by making false and misleading representations, and engaging in unfair and abusive practices. Defendant's violations include, but are not limited to:

    a. making and using false, deceptive, and misleading representations in an attempt to collect the alleged debt, in violation of Civil Code § 1788.17;

    b. misrepresenting the character, amount or legal status of the alleged debt, in violation of Civil Code § 1788.17;

    c. attempting to collect a time-barred debt from Plaintiff, an action that cannot lawfully be taken, in violation of Civil Code §§ 1788.13(e) and 1788.17;

52. Defendants' acts as described above were done willfully and knowingly with the purpose of coercing Plaintiff to pay the alleged debt, within the meaning of Cal. Civil Code § 1788.30(b).

53. As a result of Defendants' violations of the RFDCPA, Plaintiffs are entitled to an award of actual damages in an amount to be determined at trial, pursuant to Cal. Civil Code § 1788.30(a).

54. As a result of Defendants' willful and knowing violations of the RFDCPA, Plaintiffs are entitled to an award of a statutory penalty in an amount not less than one hundred dollars ($100) nor greater than one thousand dollars ($1,000) against each Defendant, pursuant to Civil Code § 1788.30(b).

55. As a result of Defendants' violations of the RFDCPA, Plaintiffs are entitled to an award of statutory damages in an amount not exceeding $1,000

against each Defendant named in this cause of action, pursuant to Cal. Civil Code § 1788.17 (*see* 15 U.S.C. § 1692k(a) (2)(A)).

56. As a result of Defendants' violations of the RFDCPA, Plaintiffs are entitled to an award of reasonable attorney's fees and costs pursuant to Cal. Civil Code §§ 1788.30(c) and 1788.17 (*see* 15 U.S.C. § 1692k(a)(3)).

57. Pursuant to Civil Code section 1788.32, the remedies provided under the RFDCPA are intended to be cumulative and in addition to any other procedures, rights or remedies that the Plaintiff may have under any other provision of law.

## REQUEST FOR RELIEF

Plaintiff requests that this Court:

a) Assume jurisdiction in this proceeding;

b) Declare that Defendants YAPLE and TKCR violated the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692e, 1692e(2), 1692e(10) and 1692f;

c) Declare that Defendants SFFCU, YAPLE and TKCR violated the Rosenthal Fair Debt Collection Practices Act, Cal. Civil Code §§ 1788.13(i), 1788.14(b), 1788.15(a),  1788.15(b), 1788.17 and 1788.18(b);

d) Declare that Defendants SFFCU, YAPLE and TKCR violated Welfare & Institutions Code sections 15610.30 and 15657.5;

e) Declare that Defendants SFFCU, YAPLE and TKCR are guilty of recklessness, oppression, fraud or malice in the commission of their acts as alleged above;

f) Award Plaintiff actual damages in an amount to be determined at trial, pursuant to 15 U.S.C. § 1692k(a)(1) and Cal. Civil Code § 1788.30(a);

g) Award Plaintiff statutory damages in an amount not exceeding $1,000, pursuant to 15 U.S.C. § 1692k(a)(2)(A);

h) Award Plaintiff a statutory penalty in an amount not less than $100 nor greater than $1,000 against each Defendant, pursuant to Civil Code § 1788.30(b);

i) Award Plaintiff statutory damages in an amount not exceeding $1,000 against each Defendant, pursuant to Cal. Civil Code § 1788.17 (*see* 15 U.S.C. § 1692k(a)(2)(A));

j) Award Plaintiff the costs of this action and reasonable attorneys fees pursuant to 15 U.S.C. § 1692k(a)(3) and Cal. Civil Code §§ 1021.5, 1788.17 (*see* 15 U.S.C. § 1692k(a)(3)), 1788.30(c); and

k) Award Plaintiff such other and further relief as may be just and proper.

DATED: January 10, 2018          /s/ James A. Michel
                                 JAMES A. MICHEL
                                 State Bar No. 184730
                                 2912 Diamond St #373
                                 San Francisco CA 94131
                                 Tel. # 415/ 239-4949
                                 Email: attyjmichel@gmail.com

                                 Attorney for Plaintiff
                                 JOSE RAFAEL PLATAS

## DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff JOSE RAFAEL PLATAS hereby demands a trial by jury of all triable issues of fact in the above-captioned case.

DATED: January 10, 2018          /s/ James A. Michel
                                 JAMES A. MICHEL